**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**IN SEATTLE**

| | |
|---|---|
| RED DOT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY, a foreign insurance company; TRAVELERS CASUALTY AND SURETY COMPANY f/k/a THE AETNA CASUALTY AND SURETY COMPANY, a foreign insurance company; and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a foreign insurance company,<br><br>Defendants. | No.<br><br>COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES<br><br>**JURY DEMANDED** |

## I. PARTIES

1. Red Dot Corporation is a corporation formed under the laws of Washington with its principal place of business in King County, Washington.

2. Defendant The Travelers Indemnity Company is a corporation organized under the laws of Connecticut, with its principal place of business in Connecticut.



HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010

3. Defendant Travelers Casualty and Surety Company, f/k/a The Aetna Casualty & Surety Company, is a corporation organized under the laws of Connecticut, with its principal place of business in Connecticut.

4. St. Paul Fire and Marine Insurance Company is a corporation organized under the laws of Connecticut, with its principal place of business in Connecticut.

5. Defendants are referred to collectively as "Travelers" in this Complaint.

6. On information and belief, Travelers sells various lines of insurance in the State of Washington and was doing business at all relevant times within King County, Washington. Moreover, Travelers avails itself of Washington law and insurance regulations in furtherance of its financial interests.

## II. JURISDICTION & VENUE

7. This Court has personal jurisdiction over Travelers in part because Travelers transacts business within Washington and contracts to insure persons and risks located in Washington, and is thus subject to jurisdiction under RCW 4.28.185, Washington's Long Arm Statute.

8. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because Red Dot and Travelers are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred here, and under §§ 1391(b)(1), (c)(2) and (d), because Defendant is subject to the Court's personal jurisdiction with respect to this action.



HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010

## III. THE INSURANCE POLICIES

10. Travelers issued several policies of general liability insurance under which Red Dot qualifies as a Named Insured, including but not limited to policy numbers 05AL195865, 05GL112520CCA, 05GL59844CCS, and 05GL59875CCS (collectively "the Policies"). Red Dot reserves the right to add to or modify the list of the Policies as the discovery process warrants.

## IV. FACTS

11. Red Dot is a heating, ventilation, and air conditioning (HVAC) equipment manufacturing company.

12. Red Dot operates its business out of a 158,224-square-foot building located in Tukwila, King County, Washington ("the Property"). Red Dot uses the Property for product manufacturing and assembly, storage, and administrative/office space.

13. Red Dot began operating at the Property in 1978 and has maintained operations there continuously to the present day. Historically, Red Dot used chlorinated solvent-based paint gun cleaners in its business operations.

14. In October of 2018, the current owner of the Property, Highland Park Properties, LLC ("HPP"), informed Red Dot that hazardous substances had been found on the Property, alleged that Red Dot was liable for this damage, and demanded that Red Dot investigate and remediate the contamination and damage, as well as reimburse HPP for the remediation costs it had incurred. At that time, Red Dot retained counsel to defend its interests with respect to HPP's claim.

15. Red Dot tendered HPP's claim to Travelers in November 2018 and requested insurance benefits.



HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010

16. In December of 2018, Travelers responded to Red Dot's claim, purporting to "reserve all rights and defenses," but failing to acknowledge and address its duties to defend or indemnify. In the December 2018 letter, Travelers merely advised Red Dot to "continue to act in the best interests of Red Dot."

17. Red Dot's interest was in having HPP's claim investigated and resolved prior to any litigation.

18. In April of 2019, Travelers informed Red Dot it determined it "has no defense obligation to Red Dot" but agreed to "investigate to determine whether any indemnity obligation exists" to Red Dot.

19. After receiving no further communication from Travelers for three months, Red Dot again contacted Travelers on July 25, 2019, renewing its tender of the HPP claim, and requesting "all available coverage under all available policies issued by Travelers or any of its related, subsidiary, or affiliated companies."

20. Travelers never responded to Red Dot's July 25 communication or otherwise assisted Red Dot in resolving HPP's claim without litigation.

21. On October 2, 2019, HPP sued Red Dot in King County Superior Court, Cause No. 19-2-25834-9 KNT ("the Underlying Action") for property damage to the Property caused by Red Dot's operations.

22. Red Dot tendered the Underlying Action to Travelers by letter dated October 4, 2019, and requested "all available defense and indemnity coverages under all available policies."

23. Travelers acknowledged Red Dot's tender by letter dated October 9, 2019, but failed to defend the Underlying Action or even acknowledge any such duty. Instead, Travelers



HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010

said it would review the allegations in the Underlying Action in conjunction with the Policies, "and correspond in more detail in subsequent correspondence."

24. To date, Travelers has neither affirmed nor denied coverage for the Underlying Action, and has not agreed to defend Red Dot.

## V. CAUSES OF ACTION

### Cause No. 1—Declaratory Relief

25. Red Dot re-alleges the preceding paragraphs as though fully set forth therein.

26. An actual controversy exists between Red Dot and Travelers as to the rights and obligations of the parties under the Policies. Red Dot is entitled to a declaration of the rights and obligations of the parties under the Policies pursuant to applicable statute, rule, and common law.

27. The declaratory relief sought includes declarations that: (a) Travelers has a duty to defend Red Dot against the claims alleged in the Underlying Action; (b) Travelers breached its duty to defend against the Underlying Action; (c) the undisputed facts establish that Travelers materially violated numerous regulations regarding Unfair Claims Settlement Practices, including WAC 284-30-330, WAC 284-30-350, WAC 284-30-370, and WAC 284-30-380; (d) Travelers' refusal to accept the defense was unreasonable, frivolous, or unfounded; (e) as a result of Travelers' acts, omissions, and breaches, Red Dot is excused from complying with any conditions allegedly imposed by the Policies; (f) as a result of its acts, omissions, and breaches, Travelers has forfeited all rights of subrogation and contribution; and (g) as a result of its acts, omissions, and breaches, Travelers is estopped from denying coverage for any settlement or judgment in the Underlying Action.



HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010

**Cause No. 2—Breach of Contract**

28. Red Dot re-alleges the preceding paragraphs as though fully set forth herein.

29. Red Dot is insured under the Polices, and therefore has contractual relationship with Travelers.

30. Under the provisions of the Policies, Travelers was obligated to defend and attempt settlement in the Underlying Action.

31. Travelers materially breached its contractual obligations to Red Dot to defend and attempt settlement of the Underlying Action.

32. Travelers' breaches caused harm to Red Dot in an amount to be proven at trial.

**Cause No. 3—Insurance Bad Faith**

33. Red Dot re-alleges the preceding paragraphs as though fully set forth herein.

34. Under Tank v. State Farm Fire & Cas. Co., 715 P.2d 1133 (Wash. 1986), RCW 48.01.030, and other applicable Washington law, Travelers owed a duty to act in good faith toward Red Dot.

35. Travelers breached its duty of good faith in numerous ways, causing harm to Red Dot in an amount to be proven at trial.

**Cause No. 4—Negligence**

36. Red Dot re-alleges the preceding paragraphs as though fully set forth herein.

37. Travelers had a duty to use ordinary care in investigating Red Dot's claim for coverage under the Policies. For example, and without limitation, Travelers had a duty to institute standards for prompt and thorough investigations, conduct a thorough investigation, and make a coverage decision in compliance with all applicable law and insurance regulations.



HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010

38. Travelers failed to use ordinary care in investigating Red Dot's claim for coverage under the Policies and by failing to defend Red Dot against the Underlying Action.

39. Travelers' negligence caused harm to Red Dot in an amount to be proven at trial.

**Cause No. 5—Consumer Protection Act**

40. Red Dot re-alleges the preceding paragraphs as though fully set forth herein.

41. The business of insurance is one affected by the public interest under RCW 48.01.030.

42. Travelers' acts and omissions described above violate, among other statutes and regulations, WAC 284-30-330, WAC 284-30-350, WAC 284-30-370, and WAC 284-30-380. Travelers' violations of these regulations constitute unfair or deceptive acts or practices occurring in trade or commerce in violation of Washington's Consumer Protection Act, RCW Chapter 19.86.

43. Travelers' violation of Washington's Consumer Protection Act caused injury to Red Dot's business or property in an amount to be proven at trial.

## VI. RELIEF REQUESTED

1. A declaration as to the rights and obligations of the parties consistent with the relief requested in this pleading;

2. An award of all money damages available by law, contract, or statute;

3. An award of prejudgment and post-judgment interest as allowed by law;

4. An award of attorney's fees and other costs and expenses of litigation pursuant to applicable statute, regulation, common law, or recognized ground in equity;

5. An award of punitive damages as allowed by applicable law; and



HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010

6. Such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

DATED this 6th day of November 2019.

HARPER | HAYES PLLC

By: s/ *Gregory L. Harper*
Gregory L. Harper, WSBA No. 27311
s/ *Charles K. Davis*
Charles K. Davis, WSBA No. 38231
600 University Street, Suite 2420
Seattle, WA 98101
206.340.8010
greg@harperhayes.com
cdavis@harperhayes.com
Attorneys for Plaintiff