THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RED DOT CORPORATION, a Washington corporation,

        Plaintiff,

    v.

TRAVELERS CASUALTY AND SURETY COMPANY f/k/a THE AETNA CASUALTY AND SURETY COMPANY, a foreign insurance company; and THE STANDARD FIRE INSURANCE COMPANY, a foreign insurance company,

        Defendants.

CASE NO.  2:19-cv-01802-JCC

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

1.    PURPOSES AND LIMITATIONS

       Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

**STIPULATED PROTECTIVE ORDER - 1**

2.     "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged, whether handwritten or mechanically prepared in paper documents, microfilms, microfiche, computer tapes, computer disks (hard disks, floppy disks and CD ROM disks), computer printouts, or any other computer storage facility or system, audio or video tapes:  Plaintiff's or Defendants' internal policies and practices; information relating to underwriting procedures, including pricing and rating; internal claim analysis; claims handling guidelines; reserve information; reinsurance information, and information related to other insureds.  "Confidential material" shall mean all such material designated by any party as "Confidential-Subject to Protective Order."  The listing of specific types of documents is not an admission that such are relevant to this case or otherwise subject to discovery or admissible in evidence.  Such listing simply indicates that if such production is required, it will be done pursuant to the terms of this Protective Order.

3.     SCOPE

This Order governs the handling of all documents, testimony and all other information, including copies, excerpts, quotations and summaries thereof (collectively, "material") produced by the parties in this action.  This is a lawsuit concerning insurance coverage.  Certain information to be produced in this case involves documents that a party believes contain trade secrets or other confidential business information.

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**STIPULATED PROTECTIVE ORDER - 2**

Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs and summaries of confidential information or documents that quote, summarize, or contain materials entitled to protection may be accorded such status as a stamped confidential document, but to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material shall not be used for any business or any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those specified in subparagraph 4.2 below, and only under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

**STIPULATED PROTECTIVE ORDER - 3**

  (c) Former partners, employees, officers, or agents of the parties who counsel, in good faith, requires to provide assistance in the conduct of this lawsuit and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (d) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (e) the court, court personnel, and court reporters and their staff;

  (f) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

  (g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.  A nonparty deponent shall be informed of the Order and asked to assent to it before reviewing confidential material subject to this Order.  If a nonparty deponent refuses to assent to the Order on the record, the nonparty may be shown the confidential material during the deposition, to the extent counsel, in good faith, determines it is reasonably necessary to such deponent's potential testimony.  Any nonparty deponent refusing to assent to the Order will not be allowed to keep a copy of the confidential material or the transcript of the deposition if the transcript recites or summarizes any information from the confidential material covered by the Order.  Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

  (h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**STIPULATED PROTECTIVE ORDER - 4**

**GORDON & POLSCER, L.L.C.**
1700 Seventh Ave., Suite 2100
Seattle, WA  98101
(206) 223-4226

(i) Persons or entities to whom a Party has a contractual, legal or regulatory obligation to provide confidential material, including insurers, reinsurers, reinsurance intermediaries, retrocessionaries, regulators, retrocessionary accountants and auditors of any Party; and

(j) Any person agreed to in writing by all Parties or allowed by the Court.

Counsel for each party to this lawsuit shall be responsible for maintaining copies of acknowledgements signed by those people to whom that party or his or her agents, employees, consultants, or counsel make confidential material available.

4.3     Filing Confidential Material.

(a)   Documents containing confidential material of any party shall not be filed with the Court unless it is necessary to do so for purposes of trial; substantive motions, including without limitation, motions for preliminary injunction or summary judgment; or other Court matters.

(b)   Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

**STIPULATED PROTECTIVE ORDER - 5**

**GORDON & POLSCER, L.L.C.**
1700 Seventh Ave., Suite 2100
Seattle, WA  98101
(206) 223-4226

5.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the words "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

**STIPULATED PROTECTIVE ORDER - 6**

1      (b)  <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the
2 parties and any participating non-parties must identify on the record, during the deposition or
3 other proceeding, all protected testimony, without prejudice to their right to so designate other
4 testimony after reviewing the transcript. Any party or non-party may, within twenty-five (25)
5 days after receiving the transcript of the deposition or other proceeding, designate portions of the
6 transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect
7 confidential information at trial, the issue should be addressed during the pre-trial conference.

8      (c)  <u>Other tangible items</u>: the producing party must affix in a prominent place
9 on the exterior of the container or containers in which the information or item is stored the words
10 "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." If only a portion or portions of the
11 information or item warrant protection, the producing party, to the extent practicable, shall
12 identify the protected portion(s).

13      (d)  In the case of verbal communications, the designating party shall designate
14 the communication as containing confidential material by advising the recipient orally at the
15 time of the disclosure and in writing within ten (10) days after the disclosure.

16      (e)  This Agreement shall apply with equal force to all copies, notes, summaries
17 or other compilations and recitations of confidential material.

18
19    5.3  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to
20 designate qualified information or items does not, standing alone, waive the designating party's
21 right to secure protection under this Agreement for such material. Upon timely correction of a
22 designation, the receiving party must make reasonable efforts to ensure that the material is
23 treated in accordance with the provisions of this agreement.

24      (a)  That party may subsequently designate those documents or other materials as
25 confidential material by notifying all Parties in writing in a manner which reasonably identifies
26 the documents or other material at issue within thirty days after discovery of its failure to

**STIPULATED PROTECTIVE ORDER - 7**

designate.  The designating party also shall cause, at its own expense, all other parties to receive new copies of any such documents or other materials bearing the confidential designation in accordance with the method of designation specified in Paragraph 5.2.  The receiving Parties shall then destroy the documents or other materials originally produced and replace them with the new copies bearing the confidential designation.

(b)   After service of a notice in accordance with this section claiming that a confidential document was produced, no motion contesting the confidential status of the document or opposition to a motion requesting confirmation of the confidential status of the document shall rely on an allegation that any confidentiality as to the document was waived by its production in this litigation.

(c)   To the extent any party who received such materials has disclosed the materials to third parties before it received the designating party's written notice, such party shall advise all third party recipients that the materials contain confidential material and are subject to a protective order, and shall use its best efforts to retrieve such materials.  No disclosure of such information or materials shall be made once a party designates them as containing confidential material, and the terms of this Agreement shall govern all such information or materials designated as confidential material.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding

**STIPULATED PROTECTIVE ORDER - 8**

**GORDON & POLSCER, L.L.C.**
1700 Seventh Ave., Suite 2100
Seattle, WA  98101
(206) 223-4226

confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3   <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," that party must:

(a)   promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**STIPULATED PROTECTIVE ORDER - 9**

**GORDON & POLSCER, L.L.C.**
1700 Seventh Ave., Suite 2100
Seattle, WA  98101
(206) 223-4226

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.    TERMINATION AND RETURN OF DOCUMENTS

Except to the extent a party is required, by internal procedures, regulation, or other law, to retain confidential material, within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction, which will be carried out by each party once that party is no longer required to retain the documents.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

**STIPULATED PROTECTIVE ORDER - 10**

GORDON & POLSCER, L.L.C.
1700 Seventh Ave., Suite 2100
Seattle, WA  98101
(206) 223-4226

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11.    GENERAL PROVISIONS

_____11.1    Nothing in this Agreement shall be construed as creating an obligation to disclose information or documents protected by the attorney-client privilege, attorney work product doctrine or other applicable privileges or protections.  No Party shall be deemed to have waived any objection to the admissibility at trial of any information or documents produced pursuant to this Agreement.  If any confidential material is used in any discovery or court proceeding before trial, it shall not lose its confidential status solely through such use.

11.2    Each Party represents and warrants that the individual signing this Agreement on its behalf is fully authorized to sign on behalf of, and bind it.

12.    MODIFICATIONS.

Nothing in this Order shall preclude any party from applying to the Court for relief from this Order, or for additional or different protective provisions as the Court may deem appropriate.


PRESENTED THROUGH STIPULATION this 28th day of September, 2021.


**GORDON & POLSCER, L.L.C.**

By:  s/ T. Arlen Rumsey
T. Arlen Rumsey, WSBA #19048
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 223-4226
arumsey@gordon-polscer.com

*Attorneys for Defendants The Travelers Indemnity Company, Travelers Casualty and Surety Company (f/k/a The Aetna Casualty*

**STIPULATED PROTECTIVE ORDER - 11**

*and Surety Company), and St. Paul Fire and*
*Marine Insurance Company*

HARPER | HAYES PLLC

By: _s/ Charles K. Davis_____
Gregory L. Harper, WSBA No. 27311
Charles K. Davis, WSBA No. 38231
600 University Street, Suite 2420
Seattle, WA 98101
Phone: 206-340-8010
greg@harperhayes.com
cdavis@harperhayes.com

*Attorneys for Plaintiff*

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 29th day of September 2021.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

**STIPULATED PROTECTIVE ORDER - 12**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of *Red Dot Corporation v. The Travelers Indemnity Company, et al.*, Case No. 2:19-cv-

01802-JCC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**STIPULATED PROTECTIVE ORDER - 13**

**GORDON & POLSCER, L.L.C.**
1700 Seventh Ave., Suite 2100
Seattle, WA  98101
(206) 223-4226